IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin Heyward, # 165514,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>~~State of South Carolina~~,<br>Warden of Lieber Correctional<br>Institution,<br><br>　　　　　　　　Respondent. | Civil Action No. 6:15-2302-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. On September 24, 1998, in the Court of General Sessions for Charleston County, the petitioner was convicted in a jury trial of kidnaping and assault with intent to commit criminal sexual conduct ("ACSC") and was sentenced to life without parole on the ACSC conviction and 30 years imprisonment for kidnaping. On May 28, 2002, the South Carolina Court of Appeals reversed the conviction for assault with intent to commit criminal sexual conduct. *See State v. Heyward*, 564 S.E.2d 379, 380–82 (S.C. Ct. App. 2002).

　　　　　Information disclosed in the petitioner's prior Section 2254 action in this court, *Benjamin Heyward v. Warden McKither Bodison*, Civil Action No. 6:10-1112-JFA-KFM, reveals that the petitioner filed an application for post-conviction relief (Case No. 2003-CP-10-972) in 2003 and raised grounds relating to ineffective assistance of counsel. The Court of Common Pleas denied relief on August 30, 2004, and the

Supreme Court of South Carolina denied certiorari in the appeal of the PCR case on March 1, 2010.

In the above-captioned case, the petitioner alleges that the "Respondent" on February 22, 2012, entered an unauthorized guilty plea on the petitioner's ACSC conviction to 15 years and ran it "concurrent" to the petitioner's 30 year kidnaping sentence (doc. 1 at 5). The petitioner also states that he has a PCR case (Case No. 2013-CP-10-2826) pending, but that the State has failed to answer (*id*. at 6, 13).

On May 3, 2010, the petitioner brought a habeas corpus action to challenge his convictions for ACSC and kidnaping, *Benjamin Heyward v. Warden McKither Bodison*, Civil Action No. 6:10-1112-JFA-WMC. On May 25, 2010, the Honorable William M. Catoe, United States Magistrate Judge, authorized service of the petition and directed the respondent to file an answer (doc. 9). After Magistrate Judge Catoe's retirement, Civil Action No. 6:10-1112-JFA-WMC was reassigned to the undersigned magistrate judge and became Civil Action No. 6:10-1112-JFA-KFM (docs. 13, 14). After receiving two extensions of time, counsel for the respondent filed a return, motion for summary judgment, and memorandum on September 28, 2010 (doc. 28, doc. 29). On September 29, 2010, the undersigned issued a *Roseboro* order to apprise the petitioner of summary judgment procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). After receiving an extension of time, the petitioner filed his response on November 9, 2010 (doc. 36).

In a Report and Recommendation filed in Civil Action No. 6:10-1112-JFA-KFM on July 20, 2011, the undersigned recommended that the respondent's motion for summary judgment be granted. *See Heyward v. Bodison*, Civil Action No. 6:10-1112-JFA-KFM, 2011 WL 4055278 (D.S.C. July 20, 2011). The parties in Civil Action No. 6:10-1112-JFA-KFM were apprised of their right to file timely written objections to the Report and Recommendation. After receiving an extension of time, the

petitioner filed objections (doc. 47) to the Report and Recommendation on August 30, 2011. On September 12, 2011, the Honorable Joseph F. Anderson, Jr., United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondent. *See Heyward v. Bodison*, Civil Action No. 6:10-1112-JFA, 2011 WL 4055253 (D.S.C. Sept. 12, 2011).

On October 21, 2011, the petitioner filed a late Notice of Appeal (Fourth Circuit Docket No. 11-7413). On February 22, 2012, the United States Court of Appeals for the Fourth Circuit remanded the matter to this court to determine whether the petitioner had shown good cause or excusable neglect for filing his appeal late (doc. 56). *See Heyward v. Bodison*, 466 F. App'x 201 (4th Cir. 2012). On February 27, 2012, Judge Anderson directed the petitioner to supplement his request to file his appeal out of time (doc. 57), and the petitioner did so on March 1, 2012 (doc. 60). In an order filed in Civil Action No. 6:10-1112-JFA-KFM on March 6, 2012, Judge Anderson found that the petitioner's appeal time should be extended (doc. 61). On the same day, the appeal was transmitted to the Court of Appeals (docs. 63, 64). On July 12, 2012, the appeal was dismissed. *See Heyward v. Bodison*, 474 F. App'x 156 (4th Cir. 2012) (*per curiam*), *cert. denied*, 134 S.Ct. 193 (2013).

In the above-captioned case, this court may take judicial notice of Civil Action No. 6:10-1112-JFA-KFM and its disposition on appeal. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

**Discussion**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Section 2254 petition is subject to summary dismissal because it is successive.

With respect to his convictions, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picardy v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241). Although the petitioner exhausted his state court remedies in his first PCR case, he has, in the case at bar, submitted a successive habeas corpus petition.

The standard for determining whether a petition is successive appears in *Slack v. McDonnell*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:10-1112-JFA-KFM was decided by summary judgment, the Section 2254 petition in the above-captioned case is successive.

This court may take judicial notice of Civil Action No. 6:10-1112-JFA-KFM. *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Also, the successiveness of a habeas petition may be raised by a district court *sua sponte*.

4

*See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. Apr. 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his convictions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before the petitioner attempts to file another habeas petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file an answer or return because the petition is successive. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

5

dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the district court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.

| | |
|---|---|
| June 10, 2015 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

6

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7